IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,171-01






EX PARTE JAMES RANDALL COON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. WRIT07545 IN THE 196TH DISTRICT COURT


FROM HUNT COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to life imprisonment. The Fifth Court of Appeals affirmed the conviction.
Coon v. State, No. 05-00-01573-CR (Tex. App.--Dallas del. Feb. 28, 2002).

 Applicant raises two claims. He complains that his appellate counsel failed to adequately
raise and brief grounds on appeal. See Strickland v. Washington, 466 U.S. 668, 687 (1984). He also
contends that his appellate counsel failed to advise him of his right to petition pro se for
discretionary review (PDR). See Ex parte Wilson, 956 S.W.2d 25, 26 -27 (Tex. Crim. App. 1997).

 On remand, appellate counsel filed an affidavit with the trial court. Based on that affidavit,
the trial court has entered findings of fact and conclusions of law indicating that Applicant was not
timely advised of his pro se PDR rights. The trial court also finds, "[Appellate counsel's] conduct
so undermined the proper functioning of the adversarial process that the appeal cannot be relied on
as having produced a reliable result," and it recommends that Applicant be allowed to file a new
appeal brief in the intermediate appellate court.

 Under these circumstances, this Court holds that Applicant is entitled to the opportunity to
file an out-of-time petition for discretionary review of the judgment of the Fifth Court of Appeals
in Cause No. 05-00-01573-CR that affirmed his conviction in Cause No. 19,562 from the 196th
District Court of Hunt County. Applicant shall file his PDR with this Court within 30 days of the
date on which this Court's mandate issues. Applicant's remaining claims are dismissed without
prejudice. See Ex parte Torres, 943 S.W.2d 469 (Tex. Crim. App. 1997).


Delivered: March 12, 2014

Do not publish